# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN, | Case No. 1:20-cv-00186-SAB |
| Plaintiff, | ORDER REQUIRING DEFENDANT TO FILE OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THAT SPECIFICALLY ADDRESSES 28 U.S.C. § 1332(c)(1)(A) |
| v. | |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, | (ECF No. 7) |
| Defendant. | **DEADLINE: APRIL 8, 2020** |

On January 9, 2020, Plaintiff Carolyn Brown ("Plaintiff"), appearing *pro se*, filed this action in the Superior Court of California, County of Madera, with the action bearing case number MCV082926. (ECF Nos. 1 at 2; 1-1.) On February 5, 2020, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Property and Casualty Insurance Company of Hartford ("Defendant" or "Hartford"), removed the action to the U.S. District Court for the Eastern District of California. (ECF No. 1.) On March 18, 2020, Plaintiff filed a document that the Court shall construe as motion to remand this action to state court.[1] (ECF No. 7.)

---

[1] Plaintiff's filing is not identified as a motion to remand in the caption. The filing only states that Plaintiff would "like to remain in Madera Civil Court instead of [f]ederal [c]ourt[,] myself and my Daughter . . . are on the [i]nsurance policy: I would like to . . . resolve the matter before court." (ECF No. 7.) Given Plaintiff's *pro se* status, the Court shall construe the filing as a motion to remand. See, e.g., Ross v. Williams, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) ("The obligation to construe *pro se* filings liberally means courts must frequently look to the contents of a *pro se* filing rather than its form."); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) ("This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."); but see McNeil v. United States, 508 U.S. 106, 113 (1993) (noting the U.S. Supreme Court has "never suggested that procedural rules in ordinary civil litigation

1

Defendant's notice of removal specifies that: (1) Plaintiff is a natural person residing in Madera County, California, and is a citizen of California for diversity jurisdiction purposes; and (2) Defendant Hartford is an Indiana corporation with its principal place of business in Connecticut, and is a citizen of both Indiana and Connecticut for diversity jurisdiction purposes. (ECF No. 1 at 2.) Defendant also proffers that the amount in controversy exceeds $75,000.00 exclusive of costs and interest because Plaintiff alleges the Defendant assessed only $38,000.00 in damages to Plaintiff's home, while Plaintiff claims the damages total $120,000.00, a difference of $82,000.00. (Id.)

While it appears this action meets the amount in controversy requirement of the diversity jurisdiction statute, 28 U.S.C. § 1332(c)(1) assigns the citizenship of an insured person to the insurer for purposes of federal diversity jurisdiction in certain insurance actions:

> [A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> (A) every State and foreign state of which the insured is a citizen;

28 U.S.C. § 1332(c)(1)(A). In regards to the meaning of the term "direct action," the Ninth Circuit has stated:

> Courts have uniformly defined the term 'direct action' as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him . . . Thus, unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action . . . The present suit is clearly not a direct action since Beckham is not seeking to impose liability on Safeco for the negligence of Safeco's insured, Mankin. Rather, she is seeking to impose liability on Safeco for

---

should be interpreted so as to excuse mistakes by those who proceed without counsel . . . in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.") (internal quotation marks and citations omitted). Additionally, the Court may raise the issue of subject matter jurisdiction *sua sponte*. Nevada v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012) ("Moreover, it is well established that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action.") (internal citation and quotation marks omitted); Naegele v. Tonius, 320 F. App'x 550, 551 (9th Cir. 2009); but see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1193 (9th Cir. 2003) (holding that district courts cannot remand *sua sponte* for only procedural defects in removal).

its own tortious conduct, i.e., Safeco's bad faith refusal to settle her claim against Mankin. Such liability could not be imposed against Mankin, nor could Mankin even be joined as a defendant in this suit . . . The district court thus did not err in concluding that diversity jurisdiction existed in this case.

Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 901–02 (9th Cir. 1982) (internal citations and quotation marks omitted). Thus, in an insurance bad faith action, an insured's citizenship is largely held to not be imputed to the insurance company.[2]

However, on a motion to remand, the "defendant bears the burden of establishing proper removal and federal jurisdiction." Karaeiga, LLC v. Yoostar Entm't Grp., Inc., No. SACV120273AGRNBX, 2012 WL 12893991, at *1 (C.D. Cal. May 2, 2012); see also Dobbs v. Wood Grp. PSN, Inc., 201 F. Supp. 3d 1184, 1188 (E.D. Cal. 2016) ("On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence."); Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009) ("The burden of establishing federal subject matter jurisdiction falls on the party invoking removal."). Therefore, while it appears the action may only encompass an insurance bad faith claim, the Court cannot discern all of the underlying facts of the dispute, and given the law discussed herein and the Plaintiff's *pro se* status, the Court shall require Defendant to file an opposition to Plaintiff's motion to remand that specifically addresses the facts and claims underlying Plaintiff's complaint in relation to 28 U.S.C. § 1332(c)(1).

///

---

[2] In Chavarria, the district court declined to extend Beckham following a subsequent Supreme Court decision. Chavarria v. Allstate Ins. Co., 749 F. Supp. 220, 222 (C.D. Cal. 1990) ("Allstate argues that a bad faith action by the insured against an insurer under the provisions of a liability insurance policy does not constitute a direct action for the purposes of § 1332(c)(1), citing [Beckham] in support of this contention . . . [h]owever, due to a recent Supreme Court opinion discussing § 1332(c)(1) and basic principles of statutory construction, this Court cannot agree with Allstate's interpretation of 28 U.S.C. § 1332(c)(1)."). However, the Ninth Circuit has specifically addressed the holding of Chavarria. See Searles v. Cincinnati Ins. Co., 998 F.2d 728, 729-30 (9th Cir. 1993) ("In Chavarria, the court held that Beckham was no longer good law after the Supreme Court's decision in Northbrook . . . In Beckham, we held that a bad faith action brought by an insured against the insurer is not a 'direct action' within the meaning of 28 U.S.C. § 1332(c)(1). Rather, a direct action is one in which a plaintiff is entitled to bring suit against the tortfeasor's liability insurer without joining the insured. The Supreme Court's decision in Northbrook did not address the meaning of a 'direct action,' and thus does not dictate a contrary result."). More recently in an unpublished decision, the Ninth Circuit entertained the argument that the Beckham discussion was dicta. Nantes v. New London Cty. Mut. Ins. Co., 441 F. App'x 517, 518 (9th Cir. 2011) (unpublished) ("Even assuming that the definition is dicta, the Beckham court appears to be correct that federal courts interpret Section 1332(c)(1) uniformly.").

3

Accordingly, IT IS HEREBY ORDERED that:

1.      On or before April 8, 2020, Defendant shall file an opposition to Plaintiff's motion to remand that specifically addresses 28 U.S.C. § 1332(c)(1);

2.      Defendant shall serve the opposition on Plaintiff via postal mail or other appropriate method; and

3.      Plaintiff may file a reply to Defendant's opposition within seven (7) days of service of Defendant's opposition on Plaintiff.

IT IS SO ORDERED.

Dated:   **March 24, 2020**

UNITED STATES MAGISTRATE JUDGE