# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>　　　　Defendant. | Case No. 1:20-cv-00186-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF Nos. 7, 8, 10) |

## I.

## INTRODUCTION

On January 9, 2020, Plaintiff Carolyn Brown ("Plaintiff"), appearing *pro se*, filed this action in the Superior Court of California, County of Madera, with the action bearing case number MCV082926. (ECF Nos. 1 at 2; 1-1.) On February 5, 2020, pursuant to 28 U.S.C. §§ 1441, and 1446, Defendant Property and Casualty Insurance Company of Hartford ("Defendant" or "Hartford"), removed the action to the U.S. District Court for the Eastern District of California. (ECF No. 1.) On March 18, 2020, Plaintiff filed a document that the Court construed as motion to remand this action to state court. (ECF Nos. 7, 8.) On March 25, 2020, the Court ordered Defendant to file an opposition to Plaintiff's motion to remand on or before April 8, 2020. (ECF No. 8.) The Court also ordered that Plaintiff may file a reply within seven (7) days of Defendant filing an opposition. (Id.) On April 8, 2020, Defendant filed an opposition to Plaintiff's motion to remand. (Def.'s Opp'n Mot. Remand ("Opp'n"), ECF No. 10.) Plaintiff

1

did not file a reply brief. For the reasons explained herein, Plaintiff's motion to remand shall be denied.

## II.

## LEGAL STANDARD

When a plaintiff brings a case in state court that a federal court would have had original jurisdiction over, a defendant may remove the case from state court to federal court. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

Federal courts have original jurisdiction over cases involving state law where the plaintiff is a citizen of a different state than the defendant. See 28 U.S.C. § 1332(a)(1) ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States."). However, if a defendant is a citizen of the state where the case is filed, the defendant cannot remove the case to federal court. See U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Each plaintiff must be a citizen of a different state than each defendant for a defendant to be able to remove a case based on citizenship. Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) ("Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant.").

For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

///

///

Section 1332(c)(1) further operates to bar federal diversity jurisdiction in certain insurance disputes and provides:

> (1) . . . in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> (A) every State and foreign state of which the insured is a citizen;

28 U.S.C. § 1332(c)(1)(A). A "bad faith action brought by an insured against the insurer is not a 'direct action' within the meaning of 28 U.S.C. § 1332(c)(1)." Searles v. Cincinnati Ins. Co., 998 F.2d 728, 730 (9th Cir. 1993) (citing Beckham v. Safeco Ins. Co., 691 F.2d 898, 902 (9th Cir.1982)). "Rather, a direct action is one in which a plaintiff is entitled to bring suit against the tortfeasor's liability insurer without joining the insured." Id. "Thus, 'unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.' " Searles, 998 F.2d at 729 (quoting Beckham, 691 F.2d at 901-02).

To remove a case, a defendant must "file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." See 28 U.S.C. § 1446(a). Generally, a defendant's notice of removal must be filed with the federal court within 30 days after the defendant is served with the complaint. 28 U.S.C. § 1446(b)(1).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009) (citing Toumajian v. Frailey, 135 F.3d 648, 652 (9th Cir.1998)); see also Dobbs v. Wood Grp. PSN, Inc., 201 F. Supp. 3d 1184, 1188 (E.D. Cal. 2016) ("On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence."); Karaeiga, LLC v. Yoostar Entm't Grp., Inc., No. SACV120273AGRNBX, 2012 WL 12893991, at *1 (C.D. Cal. May 2, 2012) ("Upon a plaintiff's motion to remand, a defendant bears the

burden of establishing proper removal and federal jurisdiction."). "[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (citations omitted). Because federal courts are courts of limited jurisdiction, removal of actions should be carefully reviewed. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

### III.

### DISCUSSION

Based on Plaintiff's *pro se* status, the Court liberally construed Plaintiff's filing as a motion to remand. (ECF No. 8.) Given the legal standards cited above that emphasize the limited jurisdiction of federal courts and that Defendant bears the burden of establishing proper removal and federal jurisdiction upon the filing of a motion to remand, the Court ordered Defendant to file an opposition to the motion to remand that specifically addressed the application of 28 U.S.C. § 1332(c)(1)(A) to this case between an insurer and insured. (ECF No. 8.) On April 8, 2020, Defendant filed an opposition, however, Plaintiff did not file a reply addressing Defendant's opposition.

Defendant removed the action within thirty days of Plaintiff filing the complaint in state court, in compliance with 28 U.S.C. § 1446(b)(1). (ECF No. 1.) The notice of removal specifies that Plaintiff is a natural person residing in Madera County, California, and is a citizen of California for diversity jurisdiction purposes. (ECF No. 1 at 1.) The notice of removal also indicates that Defendant Hartford is an Indiana corporation with its principal place of business in Connecticut, and for purposes of diversity jurisdiction, Hartford is a citizen of both Indiana and Connecticut. (Id. at 2.) Defendant has also proffered that the amount in controversy exceeds $75,000.00 exclusive of costs and interest. (ECF No. 1 at 2.)[1]

In the filed opposition, Defendant argues this is a property insurance coverage dispute

---

[1] Specifically, it appears the complaint contains a number of claims, including Plaintiff's allegation that the damage to Plaintiff's home totals approximately $120,000.00, while Plaintiff contends Hartford claims the damages only total $38,000.00, thus making the amount in controversy in excess of $82,000.00 for jurisdictional purposes. (Id.)

involving damage to a home occupied by Plaintiff. (Opp'n 2.) The principal claim underlying the dispute involves an alleged sewer backup which Plaintiff attributes to the construction of the California High Speed Rail line near the residence. (Id.) Defendant paid for the costs of repairs and additional living expenses until the policy limit for use of coverage was reached, and contends the most significant contract issue is whether Defendant must pay for replacing and stabilizing the foundation of the residence, "which was not damaged by the incident and has had issues dating back years." (Id.) This year, Plaintiff reported a new claim involving mold damage from a leaking pipe in the garage ceiling, and Defendant's investigation determined the only leak was a preexisting leak which was the subject of a prior claim to the California State Automobile Association Inter-Insurance Bureau, and Defendant subsequently denied the claim relating to mold. (Id.) Defendant argues that here, the alleged policyholder and resident of the insured property, Carolyn Brown, is suing the insurer disputing whether she received the correct payment under the insurance policy for damage to the insured dwelling. (Opp'n 4.) Accordingly, Defendant argues this is a first party action where a plaintiff policyholder is seeking more money from their property insurer, and thus is not an action in which a third party claimant is seeking money from the tortfeasor's liability insurer for the third party's damages. (Opp'n 4.)

Defendant's notice of removal, the opposition, and the filed complaint establish by a preponderance of the evidence that Plaintiff Carolyn Brown is a citizen of the state of California, a fact that Plaintiff has not disputed. (ECF Nos. 1; 1-2 at 2; Opp'n 3.)[2] Defendant has established by a preponderance of the evidence that it is a citizen of Indiana and Connecticut. (ECF No. 1; Opp'n 3.) Defendant has established by a preponderance of the evidence that this is a first party property insurance "bad faith" action, and thus the special jurisdictional rule for "direct actions" against liability insurers is not applicable to this case. See 28 U.S.C. § 1332(c)(1); Searles, 998 F.2d 728; Beckham, 691 F.2d at 902. Plaintiff has not filed a reply or directly contradicted any of Defendant's proffered factual and legal bases for diversity

---

[2] A "Mecca Morgan" was named as a plaintiff in the original complaint, although the complaint was only signed by Carolyn Brown, proceeding *pro se*. While *pro se* parties cannot appear on behalf of other individuals, L.R. 183(a), it appears Mecca Morgan is also a citizen of California. (ECF No. 1-2 at 2.)

jurisdiction in this action. Thus, Defendant has established proper removal and federal jurisdiction by a preponderance of the evidence, and accordingly, Plaintiff's motion to remand shall be denied. Marin Gen. Hosp., 581 F.3d at 944; Dobbs, 201 F. Supp. 3d at 1188.

## IV.

## ORDER

Defendant has established proper removal and federal jurisdiction by a preponderance of the evidence. Plaintiff has not provided a valid reason challenging Defendant's right to remove this action to this Court based on diversity of state citizenship between the Plaintiff and Defendant, and accordingly, Plaintiff's motion to remand shall be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to remand (ECF No. 7) is DENIED.

IT IS SO ORDERED.

Dated: **April 21, 2020**

UNITED STATES MAGISTRATE JUDGE