# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>　　　　Defendant. | Case No. 1:20-cv-00186-SAB<br><br>ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION FOR ONE DAY EXTENSION OF TIME TO FILE MOTION FOR LEAVE TO AMEND<br><br>(ECF No. 20) |

**I.**

**BACKGROUND**

On January 9, 2020, Plaintiff Carolyn Brown ("Plaintiff"), appearing *pro se*, filed this action in the Superior Court of California, County of Madera. (ECF Nos. 1 at 2; 1-1.) On February 5, 2020, Defendant Property and Casualty Insurance Company of Hartford ("Defendant" or "Hartford"), removed the action to the U.S. District Court for the Eastern District of California. (ECF No. 1.) On June 1, 2020, the Court issued a scheduling order setting a deadline of July 1, 2020, for any motions or stipulations requesting leave to amend the pleadings in this action. (ECF No. 19 at 2.)

On July 2, 2020, Defendant filed an *ex parte* application pursuant to Federal Rule of Civil Procedure 60(b)(1), requesting an extension of the July 1, 2020 deadline for filing motions for leave to amend. (Def.'s *Ex Parte* Appl. ("Appl."), ECF No. 20; Decl. Andrew B. Downs Supp.

*Ex Parte* Appl. ("Downs Decl."), ECF No. 20-1.)  Defendant requests the Court set a deadline of one court day following the Court's decision on the *ex parte* application for Defendant to file a motion for leave to file a cross-complaint.  (Appl. 1.)

Defendant wishes to file a motion for leave to file a cross-complaint against Plaintiff Carolyn Brown, and her daughter Mecca Morgan, who Defendant believes is the real party in interest for most, if not all, of Plaintiff's claims.  (Id. at 3.)  Defendant states "[a]s much as anything else, the purpose of the cross-complaint is to clean up the pleadings."  (Id.)

Defendant argues filing the *ex parte* application was necessary due to the error of Defendant's counsel.  (Id.)  Counsel argues he was mindful of the July 1, 2020 deadline, prepared the cross-complaint a week prior to the deadline, contacted Plaintiff requesting a stipulation for its filing, and prepared a motion for leave to file the cross-complaint.  (Id.; Downs Decl. ¶ 2.)  Plaintiff emailed counsel on June 26, 2020, and stated that she would contact counsel via telephone on Monday, June 29, 2020, however, Plaintiff did not do so, and "with the press of other business, [counsel for Defendant] forgot about the motion until" the morning of July 2, 2020.  (Appl. at 3; Downs Decl. ¶ 3.)  Counsel states that he ordinarily manages deadlines using Outlook task reminders, there was one such reminder set for this motion, but it appears he inadvertently dismissed the reminder several days prior this filing.  (Downs Decl. ¶ 4.)

Counsel acknowledges he forgot about the July 1 deadline until 7:30 a.m. on July 2, emphasizes this was "entirely [his] error," and that Defendant Hartford did not contribute to the error.  (Downs Decl. ¶ 4.)  Counsel thus argues relief is proper under Federal Rule of Civil Procedure 60(b)(1), and that neither Defendant, "nor the orderly progress of this matter should be harmed by the undersigned's error, particularly when the deadline was missed by only one day."  (Appl. at 3-4.)

## II.

## DISCUSSION

Rule 60 provides that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [due to] mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); see also Fed. R. Civ. P.

1 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good
2 cause, extend the time . . . on motion made after the time has expired if the party failed to act
3 because of excusable neglect."); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258–59
4 (9th Cir. 2010) (noting Rule 6, "like all the Federal Rules of Civil Procedure, [is] to be liberally
5 construed to effectuate the general purpose of seeing that cases are tried on the merits.")
6 (citations and internal quotation marks omitted) (alteration in original). "To determine whether a
7 party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor
8 equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the
9 delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether
10 the movant acted in good faith." Ahanchian, 624 F.3d at 1261. Rule 60(b) is "remedial in
11 nature" and "must be liberally applied." Id, at 1262.

12 Considering the four factors for excusable neglect, the Court finds Defendant has
13 established excusable neglect, and finds: (1) the danger of prejudice to Plaintiff is slight, if any[1];
14 (2) the length of the delay is only one day, and should have minimal, if any, impact on the
15 proceedings; (3) the reason for the delay is justifiable given counsel's proffered reasons
16 summarized above; and (4) there is no indication Defendant acted in bad faith considering the
17 attempts to stipulate to the extension, and immediate filing of the *ex parte* application the
18 morning following the expiration of the deadline. See Ahanchian, 624 F.3d at 1262 (noting that
19 "while a calendaring mistake caused by the failure to apply a clear local rule may be a weak
20 justification for an attorney's delay, we have previously found the identical mistake to be
21 excusable neglect.")

22 ///
23 ///
24 ///
25 ///

---

[1] Plaintiff has been provided notice of the *ex parte* application. (Downs Decl. ¶ 5.) Rather than further delaying proceedings waiting for a response to the instant application from Plaintiff, the Court shall grant the requested one day extension. To the extent Plaintiff may be prejudiced by the extension, she may raise any such objection in opposing the motion for leave to amend, to the extent she suffered any.

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's *ex parte* application is GRANTED; and
2. Defendant shall file a motion for leave to amend within one (1) court day after entry of this order.

IT IS SO ORDERED.

Dated:  **July 2, 2020**

UNITED STATES MAGISTRATE JUDGE