# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, *et al.,*<br><br>        Defendants. | Case No. 1:20-cv-00186-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE CROSS-COMPLAINT AND VACATING AUGUST 12, 2020 HEARING<br><br>(ECF No. 22)<br><br>**DEADLINE: THREE DAYS** |

Currently before the Court is Defendant Property and Casualty Insurance Company of Hartford's ("Defendant") unopposed motion for leave to file a cross-complaint. (ECF No. 22.) The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on August 12, 2020, will be vacated and the parties will not be required to appear at that time. Having considered the moving papers and exhibits attached thereto, as well as the Court's file, the Court issues the following order granting Defendant's motion for leave to file a cross-complaint.

## I.

## BACKGROUND

On January 9, 2020, Plaintiff Carolyn Brown ("Plaintiff"), appearing *pro se*, filed this action in the Superior Court of California, County of Madera, with the action bearing case

1  number MCV082926.  (ECF Nos. 1 at 2; 1-1.)[1]  On February 5, 2020, pursuant to 28 U.S.C. §§

2  1441 and 1446, Defendant Property and Casualty Insurance Company of Hartford ("Defendant"

3  or "Hartford"), removed the action to the U.S. District Court for the Eastern District of

4  California.  (ECF No. 1.)

5       On June 1, 2020, a scheduling order issued setting the pretrial and trial dates in this

6  action.  (ECF No. 19.)  Pursuant to the scheduling order, any motions or stipulations requesting

7  leave to amend the pleadings were to be filed on or before July 1, 2020.  (Id. at 2.)  On July 2,

8  2020, Defendant filed an *ex parte* application pursuant to Federal Rule of Civil Procedure

9  60(b)(1), requesting a one-day extension of the July 1, 2020 deadline for filing motions to amend

10 the pleadings.  (ECF No. 20.)  On July 6, 2020, the Court granted Defendant's *ex parte*

11 application, and ordered any motion for leave to amend to be filed within one (1) court day after

12 entry of the order.  (ECF No. 21.)  On July 6, 2020, Defendant filed the motion for leave to file a

13 cross-complaint that is currently before the Court and noticed a hearing on the motion to occur

14 on August 12, 2020.  (Def.'s Mot. Leave File Cross-Complaint ("Mot"), ECF No. 22.)  On July

15 30, 2020, Defendant filed a reply in support of the motion for leave to file a cross-complaint.

16 (ECF No. 23.)  As of the entry of this order, Plaintiff has not filed an opposition to Defendant's

17 motion with the Court.[2]

## II.

## LEGAL STANDARD

20      Once a district court has entered a pretrial scheduling order pursuant to Federal Rule of

21 Civil Procedure 16 setting a deadline for amending pleadings, the district court is to first apply

22 Rule 16's standard for amending the scheduling order if the deadline to amend has passed.

23 Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992); United States ex

---

[1] All references herein to pagination of electronically filed documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] Defendant's reply brief avers to a document that appears to be an opposition served on Defendant, but that has not been filed nor docketed with the Court in this action.  (ECF No. 23 at 1-2.)  Defendant argues that the complaints contained within Plaintiff's opposition only go to the factual merits underlying the proposed cross-complaint, concerning what Plaintiff alleges she and Defendant did and did not do, however, the opposition does not address the merits of the current motion as and the issue of whether leave to amend should be granted pursuant to Federal Rule of Civil Procedure 15.  (ECF No. 23 at 1-2.)

rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 403 (E.D. Cal. 2018).  If the party seeking amendment can satisfy the good cause standard of Rule 16(b), the district court then must determine whether the moving party has satisfied the requirements of Rule 15(a).  Wasatch, 327 F.R.D. at 403-04.

### A. The Rule 16(b) Good Cause Standard

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(1)–(3).  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Mammoth Recreations, 975 F.2d at 609.  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order.  Id.  The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d at 609).  "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent."  Wasatch, 327 F.R.D. at 404 (internal quotation marks and citation omitted) (alteration in original).

### B. The Rule 15 Standard for Amending Pleadings

If Plaintiff can meet the good cause standard to modify the scheduling order under Rule 16, Plaintiff must then satisfy the standards under Federal Rule of Civil Procedure 15(a). Wasatch, 327 F.R.D. at 403-04.  Twenty-one days after a responsive pleading or a motion to dismiss is filed, a party may amend only by leave of the court or by written consent of the

3

1  adverse party. Fed. R. Civ. P. 15(a)(1)-(2). "Rule 15(a) is very liberal and leave to amend 'shall
2  be freely given when justice so requires.' " Amerisource Bergen Corp. v. Dialysis West, Inc.,
3  465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); see also Eminence Capital,
4  LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting leave should be granted with
5  "extreme liberality") (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th
6  Cir.2001)). Leave to amend under Rule 15 is "within the sound discretion of the trial court," and
7  "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to
8  facilitate decision on the merits, rather than on the pleadings or technicalities." United States v.
9  Webb, 655 F.2d 977, 979 (9th Cir. 1981).

10  In determining whether to grant leave to amend, a court is to consider five factors: "(1)
11  bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)
12  whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805,
13  808 (9th Cir. 2004). The factors are not weighed equally. "Futility of amendment can, by itself,
14  justify the denial of a motion for leave to amend." Bonin, 59 F.3d at 845. Undue delay, "by
15  itself . . . is insufficient to justify denying a motion to amend." Owens, 244 F.3d at 712
16  (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).
17  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."
18  Eminence Capital, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the
19  remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to
20  amend." Id.

21  **III.**
22  **DISCUSSION**

23  The Court's scheduling order set the deadline to file amended pleadings as July 1, 2020.
24  (ECF No. 19.) As stated in the scheduling order, the Court generally first determines whether
25  Plaintiff has demonstrated good cause pursuant to Rule 16 to modify the scheduling order, and
26  then whether amendment is appropriate under Rule 15: "All proposed amendments must (A) be
27  supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any
28  modification to the existing schedule, *see* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,

1  609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not
2  (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or
3  (4) futile, *see* Foman v. Davis, 371 U.S. 178, 182 (1962)." (ECF No. 19 at 2.)

4  As discussed above, prior to filing the instant motion, Defendant proactively filed an *ex*
5  *parte* application to extend the July 1, 2020 deadline, which the Court granted. (ECF Nos. 20,
6  21.) Thus, the Court has already granted an extension of the deadline based on excusable neglect
7  under Federal Rule of Civil Procedure 60, and thus the Court has already modified the
8  scheduling order based on the good cause presented in the *ex parte* application.

9  The Court next turns to the question of whether leave to amend should be granted under
10 Federal Rule of Civil Procedure 15(a). Wasatch, 327 F.R.D. at 403-04. "[I]t is the consideration
11 of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d
12 at 1052. "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a
13 *presumption* under Rule 15(a) in favor of granting leave to amend." Id. The burden to
14 demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v.
15 Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

16 Given Defendant has not filed an opposition with the Court presenting any substantive or
17 procedural challenges to granting leave to file a cross-complaint, the Court finds that granting
18 Plaintiff's motion for leave would not prejudice Plaintiff. There is no evidence the motion was
19 brought in bad faith nor does it produce undue delay in the litigation. See Lockheed Martin
20 Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (explaining that where a
21 motion to amend was made more than four months after the cutoff date, "[a] need to reopen
22 discovery and therefore delay the proceedings supports a district court's finding of prejudice.").
23 Moreover, there is no reason to believe that the proposed filing is futile. See SAES Getters
24 S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (illustrating that an
25 amendment is futile "only if it would clearly be subject to dismissal.").

26 Consequently, finding that none of the foregoing factors weigh against granting
27 Defendant leave to file a cross-complaint, and Plaintiff has not filed an opposition with the
28 Court, the Court finds granting leave appropriate. See Austin v. W. Concrete Pumping, Inc., No.

17-CV-2363-AJB-MDD, 2018 WL 2684140, at *1 (S.D. Cal. June 5, 2018) (granting plaintiff's motion for leave to file an amended complaint after considering the motion and the defendants' non-opposition); <u>Gonzales v. F/V Daniela</u>, No. 11cv01066 AJB (JMA), 2013 WL 444626, at *1 (S.D. Cal. Feb. 4, 2013) (concluding that leave to amend was warranted in light of the defendants' non-opposition to the motion and reasonable explanation for the amendment).

## IV.
## CONCLUSION AND ORDER

The Court finds that good cause exists to grant Defendant's motion for leave to file a cross-complaint.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's motion for leave to file a cross-complaint is GRANTED;
2.  Defendant SHALL FILE the cross-complaint within three (3) days of the date of entry of this order; and
3.  The August 12, 2020 hearing on Defendant's motion for leave to file a cross-complaint is VACATED and the parties shall not be required to appear before the Court on such date.

IT IS SO ORDERED.

Dated: **August 4, 2020**

UNITED STATES MAGISTRATE JUDGE