# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN, | Case No.  1:20-cv-00186-SAB |
| Plaintiff, | ORDER RE TELEPHONE COMMUNICATION |
| v. | |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, | |
| Defendant. | |

Carolyn Brown ("Plaintiff"), appearing pro se, filed this action in the Merced County Superior Court.  On February 5, 2020, Property and Casualty Insurance Company of Hartford ("Defendant") removed the action to the Eastern District of California.

On December 16, 2020, the Court received a phone call from Plaintiff seeking for the Court to intervene in a dispute with her insurance company.  Initially, Plaintiff is advised that it is improper for her to contact the judge without Defendant being included in the communication. "The prohibition against ex parte communications with judges is designed to protect the opposing party's right to a fair hearing and, ultimately, the impartiality and integrity of the courts.  Communications are commonly understood to be ex parte if made by one party outside the record without giving the other party notice or an opportunity to respond.  Besides in-person contacts, the rule covers communication by telephone, letter, e-mail and any other modes."

1

1  Kathryn A. Thompson, <u>Private Talks Lawyers Shouldn't Have Ex Parte Communications with</u>

2  <u>Judges-Except When It's Ok</u>, ABA J., February 2007, at 20.

3       Further, to obtain any type of relief in this action, Plaintiff is required to file a written

4  pleading setting forth the legal standard that applies, addressing the standard, and stating the

5  relief requested.  Plaintiff is referred to the Local Rules of the Eastern District of California for

6  the notice requirements for setting the hearing on a motion.  <u>See</u> L.R. 144 (ex parte requests);

7  L.R. 230 (civil motions).

8

9  IT IS SO ORDERED.

10 Dated:    **December 17, 2020**

UNITED STATES MAGISTRATE JUDGE

2