# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN,<br><br>　　　　Plaintiff and Counter-Defendant,<br><br>　　v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>　　　　Defendant and Counterclaimant. | Case No. 1:20-cv-00186-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINES<br><br>ORDER GRANTING REQUEST TO SHORTEN TIME TO HEAR MOTION TO COMPEL DEPOSITION TESTIMONY<br><br>ORDER SETTING HEARING ON MOTION TO COMPEL PLAINTIFF CAROLYN BROWN'S DEPOSITION FOR **MARCH 10, 2021 at 10:00 A.M.**<br><br>(ECF No. 35) |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>　　　　Third Party Plaintiff,<br><br>　　v.<br><br>MECCA MORGAN,<br><br>　　　　Third Party Defendant. | |

/ / /

/ / /

1

Currently before the Court is Defendant's motion to modify the scheduling order to extend the discovery deadlines and the dispositive motion filing deadline. Having considered the moving papers, the declarations and exhibits attached thereto, the matters discussed at the hearing held on February 24, 2021, as well as the Court's file, the Court issues the following order granting Defendant's motion.

## I.

## BACKGROUND

On January 9, 2020, Plaintiff Carolyn Brown ("Brown"), appearing *pro se*, filed this property insurance coverage dispute action in the Superior Court of California, County of Madera, with the action bearing case number MCV082926. (ECF Nos. 1 at 2; 1-1.)[1] On February 5, 2020, pursuant to 28 U.S.C. §§ 1441, and 1446, Defendant Property and Casualty Insurance Company of Hartford ("Defendant" or "Hartford"), removed the action to the U.S. District Court for the Eastern District of California. (ECF No. 1.) While a Mecca Morgan ("Morgan") was initially written in on the complaint filed in state court as a plaintiff, the name Mecca Morgan was stricken from the complaint, presumably because of the *pro se* status of Brown and the fact that the complaint was not signed by Morgan. (ECF Nos. 1 at 1, 1-1 at 2, 1-2 at 2.) Morgan was added as a Third Party Defendant by the August 5, 2020 filing of Defendant's third party complaint against Morgan. (ECF No. 25.)[2]

The scheduling order issued on June 1, 2020, and set the following discovery deadlines: a nonexpert discovery deadline of February 28, 2021; an expert disclosure deadline of March 22, 2021; a supplemental expert disclosure deadline of April 12, 2021; an expert discovery deadline of May 14, 2021; dispositive motions filing June 11, 2021. (ECF No. 19.)

Following an alleged failure by Brown and Morgan to appear for scheduled depositions, on February 12, 2021, Defendant filed an *ex parte* application requesting the Court to hear a

---

[1] All references herein to pagination of electronically filed documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] Defendant's *ex parte* motion, motion to extend the discovery deadlines, and attached deposition notices, refer to Morgan as a plaintiff in this action, despite Defendant's previous filings taking the position that Morgan is not a plaintiff in this action, and the fact the docket does not reflect Morgan as a plaintiff. The Court directs Defendant to exercise more caution in this regard in future filings.

1  motion to modify the scheduling order on shortened time.  (ECF No. 33.)  On February 12, 2021,
2  Defendants served Plaintiffs with the *ex parte* application along with a copy of the to-be-filed
3  motion to modify the scheduling order, via overnight mail.  (ECF No. 33 at 2.)  On February 16,
4  2021, the Court granted Defendant's *ex parte* application requesting the Court to hear the motion
5  currently before the Court on shortened time.  (ECF No. 34.)  The Court set the motion for
6  hearing on February 24, 2021, with Plaintiffs' opposition due February 23, 2021, and no reply
7  brief permitted.  (Id.)  The Court also ordered Defendant to serve the motion to modify the
8  scheduling order as well as the videoconference login information on Brown and Morgan.  (Id.)
9      On February 17, 2021, Defendant filed the motion to extend the discovery deadlines
10  currently before the Court, and on February 19, 2021, Defendant filed proofs of service of the
11  motion.  (ECF Nos. 35, 36.)  On February 22, 2021, and February 23, 2021, Defendant filed
12  supplemental declarations in support of the motion.  (ECF Nos. 37, 39.)  On February 24, 2021,
13  the Court held a hearing on Defendant's motion.

14  **II.**
15  **LEGAL STANDARD**

16      Federal Rule of Civil Procedure 16(b) provides that the district court must issue a
17  scheduling order that limits "the time to join other parties, amend the pleadings, complete
18  discovery, and file motions."  Fed. R. Civ. P. 16(b)(1)–(3).  A scheduling order "may be
19  modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The
20  "good cause" standard "primarily considers the diligence of the party seeking the amendment."
21  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).  To establish good
22  cause, the party seeking the modification of a scheduling order must generally show that even
23  with the exercise of due diligence, they cannot meet the requirement of that order.  Id.  The
24  prejudice to other parties, if any, may be considered, but the focus is on the moving party's
25  reason for seeking the modification.  Id.  If the party seeking to amend the scheduling order fails
26  to show due diligence, the inquiry should end and the court should not grant the motion to
27  modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002)
28  (citing Mammoth Recreations, 975 F.2d at 609).  "Relevant inquiries [into diligence] include:

3

1 whether the movant was diligent in helping the court to create a workable Rule 16 order; whether
2 matters that were not, and could not have been, foreseeable at the time of the scheduling
3 conference caused the need for amendment; and whether the movant was diligent in seeking
4 amendment once the need to amend became apparent." Wasatch, 327 F.R.D. at 404 (internal
5 quotation marks and citation omitted) (alteration in original).

**III.**

**DISCUSSION**

In sum, Defendant proffers that Brown and Morgan have failed to appear for noticed depositions, and failed to properly meet and confer with Defendants regarding filing a motion to modify the scheduling order. Defendant noticed new depositions to occur on February 22 and 23, 2021. If Brown and Morgan appeared as scheduled for the newly set depositions, Defendant informed the Court it would withdraw the motion to modify the scheduling order prior to the February 24, 2021 hearing date. However, Plaintiffs failed to appear for the newly noticed depositions. (ECF Nos. 37, 39.) Morgan and Brown did not file any opposition briefing to this motion. Further, Brown and Morgan failed to appear via Zoom videoconference at the February 24, 2021 hearing.

For the reasons discussed below, the Court finds good cause to grant Defendant's motion to modify the scheduling order.

1. <u>Defendant has Shown Diligence and Established Good Cause to Modify the Scheduling Order</u>

The nonexpert discovery deadline currently expires on February 28, 2021. (ECF No. 19.) Defendant requests a thirty (30) day extension of the nonexpert discovery deadline for the purpose of completing the depositions of Brown and Morgan only, as well as a corresponding extension of other related discovery deadlines, and the dispositive motion filing deadline. (ECF No. 35.) Defendant proffers the extension will not impact the trial date.

On December 23, 2020, Defendant served notices of deposition by email and postal mail, setting Morgan's deposition for January 25, 2021, and Brown's deposition for January 28, 2021. (Decl. Linda Oliver Supp. Def.'s Mot. Extend Discovery ("Oliver Decl."), ECF No. 35-1, Exs. 1,

1 2, 3, ECF Nos. 35-2, 35-3, 35-4.)  The depositions were noticed for remote appearances at the
2 Fresno hotel near Brown's home, and a Los Angeles office near Morgan's home.  (Id.)

3       On January 7, 2021, Brown emailed Defendant's counsel, and stated she was trying to
4 retain an attorney for the depositions, and requested they be postponed.  (Mot. 4.)  Counsel
5 requested that Brown's counsel contact Defendant's counsel, and informed Brown that the
6 depositions would not go off calendar or cancelled because of the February 28, 2021 deadline to
7 complete discovery.  (Decl. Andrew Downs Supp. Def.'s Mot. Extend Discovery ("Downs
8 Decl.") ¶ 2, ECF No. 35-16; Oliver Decl., Ex. 13, ECF No. 35-14.)

9       On January 11, 2021, upon request, Defendant's counsel emailed another copy of the
10 deposition notice to Plaintiff Brown.  (Downs Decl. ¶ 3, Ex. 14, ECF No. 35-15.)  Due to a
11 conflict, Defendant's attorney then needed to reschedule Morgan's deposition that was set for
12 January 25, 2021.  On January 14, 2021, counsel sent an email suggesting the deposition be
13 rescheduled for February 2, 2021, at the same location.  (Oliver Decl. ¶ 4, Ex. 4, ECF No. 35-5.)
14 Morgan responded that she was not available on the proposed date.  On January 10, 2021,
15 Morgan emailed to accept January 29, 2021, as the new deposition date, which was acceptable to
16 Defendant.  (Mot. 5; Oliver Decl. ¶ 4, Ex. 4.)

17       On January 21, 2021, Defendant served a new notice of deposition with the agreed
18 January 29, 2021 date for Morgan's deposition by email and postal mail.  (Mot. 5; Oliver Decl. ¶
19 5, Ex. 5.)  The same day, Plaintiff Brown sent an email asking if the date of her deposition had
20 changed as well, and Defendant informed Plaintiff Brown that the date remained on calendar.
21 (Oliver Decl. ¶ 6, Ex. 6.)

22       On January 26, 2021, Brown emailed Defendant to state she could not attend her
23 deposition because she was sixty-eight (68) years old and was feeling "under the weather."
24 (Oliver Decl. ¶ 10, Ex. 10.)  Brown did not offer an alternative method of appearing for the
25 deposition and it is Defendant's counsel's impression that Brown does not have a computer or
26 webcam that would allow her to appear remotely by Zoom without assistance, which is why
27 Defendant had arranged for her to appear remotely at the hotel in Fresno.  (Oliver Decl. ¶ 10.)

28       On January 28, 2021, Defendant's counsel appeared remotely for Brown's deposition as

1 noticed. (Oliver Decl. ¶ 11, Ex. 11, ECF No. 35-12.) Before going on the record to note the fact that Brown had not appeared as noticed, counsel left a telephone message for Brown at approximately 10:20 a.m. inquiring whether she intended to appear. (Oliver Decl. ¶ 11.) Around 11:07 a.m., Brown returned the phone call and stated she could not appear at the deposition because she was not feeling well, had medical conditions, and due to her age she was at high risk of COVID-19. (Id.) Counsel asked if Brown expected to be feeling well in the near future, and Brown stated no. (Id.) Counsel then reminded Brown that there were upcoming discovery deadlines that were set by the Court, and that the parties could not be sure they would be able to get an extension. (Id.) Counsel explained they had made arrangements for a remote deposition and that Defendant would consider any other precautions Brown wanted to allow her to appear, but that Defendant needed her to appear by video because of the numerous exhibits. (Id.) Brown stated she was sheltering in place due to COVID-19 and could not appear, but would consider options and call back. (Id.) Brown also stated she was still looking for an attorney but was still looking because it is hard to find an insurance lawyer, and accused Defendant of harassment and trying to kill her. (Id.) On January 28, 2021, Brown sent Defendant's counsel a text message at 2:44 p.m. offering to appear for a deposition by telephone. (Oliver Decl., Ex. 12, ECF No. 35-13.)

On January 29, 2021, Defendant's counsel appeared remotely for Morgan's deposition, however, Morgan failed to appear. (Oliver Decl. ¶ 13.) Counsel tried to call Morgan six times between 10:24 a.m. and 10:27 a.m., however, Morgan did not accept the calls, which were reported as "canceled" on counsel's iPhone. (Id.)

Prior to the hearing on this motion, Defendant served deposition notices setting Morgan's and Brown's depositions to be held by telephone on February 22 and 23, 2021, respectively. (Oliver Decl. ¶ 16.) Counsel also sent a letter indicating Defendant would agree to appearances by telephone if Brown and Morgan would confirm the addresses to send paper copies of the exhibits. (Id.)

On February 22, 2021, Defendant filed a supplemental declaration in support of the current motion. (Suppl. Decl. Linda B. Oliver Supp. Def.'s Mot. Extend Discovery ("Oliver

6

1 Suppl. Decl."), ECF No. 37.) Counsel declares that on February 22, 2021, she appeared 2 remotely to conduct the deposition of Morgan. (Id. at ¶ 2.) Morgan appeared by telephone, 3 however, Morgan refused to "answer even basic questions regarding where she has lived, her 4 education background and employment, payments for the insurance coverage at issue, and her 5 preparation for her deposition, claiming that the information is 'private' and that she is not 6 required to provide it [and] also stated that she thinks that Hartford acted in bad faith with 7 respect to the insurance claims at issue, but repeatedly refused to answer why she thinks that 8 Hartford's claims were incorrect [and] refused to explain how she has been damaged in this 9 action." (Id.) Counsel also proffers that she has requested an expedited copy of the deposition 10 transcript in order to determine if a motion to compel is warranted, but the transcript will not be 11 ready in time before the February 28, 2021 discovery deadline, and the delay was caused by 12 Morgan who previously failed to appear in January 2021. (Id. at ¶ 3.)

13 On February 23, 2021, Defendant filed a second supplemental declaration in support of 14 the current motion. (Second Suppl. Decl. Linda B. Oliver Supp. Def.'s Mot. Extend Discovery 15 ("Oliver Second Suppl. Decl."), ECF No. 39.) Counsel declares that prior to the beginning of the 16 deposition scheduled for February 23, 2021, counsel informed the court reporter that Hartford's 17 file reflected that Brown had a history of using profanity and making accusations of racism, and 18 might be a difficult witness. (Id. at ¶ 2.) Brown initially appeared by telephone for the 19 deposition, however, Brown stated she would refuse to be deposed due to counsel's statement 20 regarding the content of the Hartford file, which had been produced to her. (Id.) Brown further 21 stated she would call the judge, and hung up. (Id.)[3] Brown also stated she felt ill, but did not 22 respond to counsel's question regarding whether she was well enough to proceed with the 23 deposition before she hung up. (Id.) Counsel tried to call Brown to discuss the deposition, but 24 she terminated the call when counsel identified herself. (Id.) Counsel left a voicemail, asking

---

[3] Brown did contact the Courtroom Deputy on February 23, 2021, and additionally emailed a letter to the Courtroom Deputy to provide directly to the undersigned judge. While the Court has encouraged Brown and Morgan to contact the Courtroom Deputy for assistance with technical issues such as appearing for hearings, the Court has previously warned the parties via order issued on December 17, 2020, that communications that attempt to present an issue directly to the judge without Defendant being a party to the communication is an improper *ex parte* communication between the judge and a party. (ECF No. 32.) On February 24, 2021, the Court issued a second order informing Brown of the rule against such communications to the judge. (ECF No. 40.)

Brown to return to the call to complete the deposition, but Brown did not call or return to the Zoom conference. (Id.) At 10:40 a.m., counsel sent Brown an email regarding the deposition, and when Brown did not return to the deposition by 11:00 a.m. as requested in the email, counsel made a statement of non-appearance on the record. (Id. at ¶¶ 2-3.)

On February 24, 2021, the Court held a hearing via Zoom videoconference on the current motion to modify the scheduling order. Counsel Linda Oliver appeared on behalf of Defendant. Brown and Morgan failed to make an appearance before the Court at the Zoom videoconference. The Court's order granting the *ex parte* motion ordered Defendant to serve the Zoom videoconference login information on Brown and Morgan, and Defendant did so. (ECF Nos. 34, 36.) The Court's order granting the *ex parte* motion also specifically informed Brown and Morgan to contact the Courtroom Deputy for questions or assistance to attend the hearing. Brown did contact the Courtroom Deputy on February 23, 2021, and the Courtroom Deputy provided Brown with the Zoom videoconference information. While there was some attempt by Brown and Morgan to contact the Courtroom Deputy during the February 24, 2021 hearing via telephone, and the Courtroom Deputy again provided the Zoom videoconference login information, they failed to appear at the hearing held via Zoom videoconference.

Given all of the above facts, Defendant has demonstrated diligence in pursuing discovery and has established good cause to modify the scheduling order. Mammoth Recreations, 975 F.2d at 609. Brown and Morgan failed to appear at the initially scheduled depositions. While Brown initially appeared at the second scheduled deposition, she hung up the phone call prior to the deposition actually commencing, and thus counsel properly noted a non-appearance on the deposition record. While Morgan did appear at the second deposition, Defendant's counsel has sufficiently explained the need to examine the transcript to determine if a motion to compel further deposition testimony is necessary. Therefore, Defendant has established good cause to extend the nonexpert discovery deadline thirty (30) days to file a motion to compel and complete the deposition of Brown, and to determine whether a motion to compel is warranted for Morgan.

Further, at the February 24, 2021 hearing, the Court granted Defendant's oral motion for an order shortening the time to hear a motion to compel deposition testimony from Plaintiff

Brown, and the Court incorporates the granting of such motion into the order below. Given Defendant was unsure whether a similar order shortening time was necessary as to Morgan, the order shortening time only applies to a motion to compel the deposition testimony of Brown, not Morgan, though Defendant may still file a separate request to shorten the time to hear a motion to compel further testimony from Morgan.

## IV.
## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the scheduling order is GRANTED, and the scheduling order issued June 1, 2020 (ECF No. 19), is AMENDED as follows:
   a. Nonexpert Discovery Deadline: March 30, 2021;
   b. Expert Disclosure Deadline: April 22, 2021;
   c. Supplemental Expert Disclosure Deadline: May 12, 2021;
   d. Dispositive Motion Filing Deadline: July 12, 2021;
   e. The extension of the nonexpert discovery deadline shall be limited to completing the deposition of Plaintiff Brown, and Third Party Defendant Morgan to the extent Defendant chooses to move to compel further testimony from Morgan;
   f. All other dates and aspects of the June 1, 2020 scheduling order shall remain in effect;
2. Defendant's oral motion made at the February 24, 2021 hearing for an order shortening time to file a motion to compel deposition testimony of Plaintiff Carolyn Brown is GRANTED, and the Court sets a hearing and briefing schedule as follows:
   a. Defendant shall file a motion to compel Plaintiff Carolyn Brown's deposition testimony on or before February 26, 2021;
   b. **Plaintiff Carolyn Brown shall file any opposition to Defendant's motion to compel deposition testimony on or before March 8, 2021**;

c. No reply brief shall be filed by Defendant;

d. **A hearing on Defendant's motion to compel Plaintiff Carolyn Brown's deposition testimony is set for March 10, 2021 at 10:00 a.m. in Courtroom 9**;

e. The March 10, 2021 hearing shall be held by Zoom videoconference with the following login options:

   i. The Meeting ID for the Zoom videoconference is 160 596 6050, and the Passcode is 021649;

   ii. The direct videoconference link for the hearing is: https://www.zoomgov.com/j/1605966050?pwd=Mk1JbDBlTDErN3liQ0Q2U082OFEwUT09;

   iii. Alternatively, the hearing can be accessed through any of the following telephone numbers: +1 669 254 5252; or +1 551 285 1373; or +1 669 216 1590; and

f. Defendant shall provide the Zoom videoconference information when serving the motion to compel.

IT IS SO ORDERED.

Dated:  **February 24, 2021**

UNITED STATES MAGISTRATE JUDGE