# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>    Defendant and Counterclaimant. | Case No. 1:20-cv-00186-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF CAROLYN BROWN'S DEPOSITION AND COMPELLING PLAINTIFF TO APPEAR FOR DEPOSITION ON MARCH 24, 2021<br><br>ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO SHORTEN TIME TO HEAR MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY AND SETTING HEARING FOR DEFENDANT'S MOTION TO COMPEL FOR MARCH 25, 2021<br><br>(ECF Nos. 43, 46) |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>MECCA MORGAN,<br><br>    Third Party Defendant. | |

Currently before the Court is Defendant's motion to compel the deposition of Plaintiff Carolyn Brown, and Defendant's *ex parte* application to shorten time to hear a motion to compel responses to written discovery. Having considered the moving papers, the declarations and

exhibits attached thereto, the matters discussed at the hearing held on March 10, 2021, as well as the Court's file, the Court issues the following order granting Defendant's motion to compel the deposition of Plaintiff Carolyn Brown and granting Defendant's *ex parte* application to shorten time to hear Defendant's motion to compel responses to written discovery.

# I.

# BACKGROUND

On January 9, 2020, Plaintiff Carolyn Brown ("Brown"), appearing *pro se*, filed this property insurance coverage dispute action in the Superior Court of California, County of Madera, with the action bearing case number MCV082926. (ECF Nos. 1 at 2; 1-1.)[1] On February 5, 2020, pursuant to 28 U.S.C. §§ 1441, and 1446, Defendant Property and Casualty Insurance Company of Hartford ("Defendant" or "Hartford"), removed the action to the U.S. District Court for the Eastern District of California. (ECF No. 1.) While Mecca Morgan ("Morgan") was initially written in on the complaint filed in state court as a plaintiff, the name Mecca Morgan was stricken from the complaint, presumably because of the *pro se* status of Brown and the fact that the complaint was not signed by Morgan. (ECF Nos. 1 at 1, 1-1 at 2, 1-2 at 2.) Morgan was added as a Third Party Defendant by the August 5, 2020 filing of Defendant's third party complaint against Morgan. (ECF No. 25.)

The scheduling order issued on June 1, 2020, and set the following discovery deadlines: a nonexpert discovery deadline of February 28, 2021; an expert disclosure deadline of March 22, 2021; a supplemental expert disclosure deadline of April 12, 2021; an expert discovery deadline of May 14, 2021; dispositive motions filing June 11, 2021. (ECF No. 19.)

Following the failure by Brown and Morgan to appear for scheduled depositions, on February 12, 2021, Defendant filed an *ex parte* application requesting the Court to hear a motion to modify the scheduling order on shortened time. (ECF No. 33.) On February 16, 2021, the Court granted Defendant's *ex parte* application to hear the motion on shortened time. (ECF No. 34.) The Court set the motion for hearing on February 24, 2021. (Id.)

---

[1] All references herein to pagination of electronically filed documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1   On February 17, 2021, Defendant filed a motion to extend the discovery deadlines to allow for completion of depositions. (ECF No. 35.) On February 25, 2021, the Court granted Defendant's motion to extend the discovery deadlines, and also granted an oral motion to shorten the time to hear a motion to compel Plaintiff Brown's deposition testimony, setting the hearing for such motion for March 10, 2021. (ECF No. 42.)

On February 25, 2021, Defendant filed the motion to compel the deposition of Plaintiff Brown that is currently before the Court. (ECF No. 43.) On March 5, 2021, Defendant filed an *ex parte* application for an order shortening the time to hear Defendant's motion to compel written discovery responses from Brown and Morgan. (ECF No. 46.) On March 9, 2021, Defendant filed a supplemental declaration in support of the *ex parte* application to shorten time. (ECF No. 48.)

On March 10, 2021, the Court held a hearing via Zoom videoconference on Defendant's motion to compel Brown's deposition, and on Defendant's *ex parte* application to shorten the time to hear Defendant's motion to compel written discovery responses. (ECF No. 49.) At the hearing, Lina Beth Oliver appeared on behalf of Defendant. Brown and Morgan appeared *pro se*. (Id.)

## II.

## LEGAL STANDARD

Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The December 2015 amendment to Rule 26 was to restore the proportionality factors in defining the scope of discovery. See Advisory Committee Notes to Rule 26(b)(1) 2015 Amendment. Under the amended Rule 26, relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be

proportional to the needs of the case.  In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc., 437 U.S. 340, 351 (1978).  Discovery is designed to help define and clarify the issues.  Id.  Although relevancy is broadly defined for the purposes of discovery, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

Depositions are governed by Federal Rule of Civil Procedure 30, which states:

> **(a) When a Deposition May Be Taken.**
> **(1) *Without Leave*.**  A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).  The deponent's attendance may be compelled by subpoena under Rule 45.
> **(2) *With Leave.*** A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
> **(A)** if the parties have not stipulated to the deposition and:
> **(i)**   the deposition would result in more than 10 depositions being taken under the rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
> **(ii)** the deponent has already been deposed in the case; or
> **(iii)** the party seeks to take the deposition before the time specified in Rule 2(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or
> **(B)**  if the deponent is confined in prison.

Fed. R. Civ. P. 30.  Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1) *In General*.**  On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37.  "The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent--or a person designated under Rule

4

30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).

In determining whether to limit the extent of discovery, the court weighs the probative value of proposed discovery against its potential burden. Fed. R. Civ. P. 26(b)(2)(C). Specifically, the court "must limit" discovery if it determines that:

> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can obtained from some other source that is more convenient, less burdensome, or less expensive;
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

## III.

## DISCUSSION

### A.   Motion to Compel Plaintiff Brown's Deposition

On December 23, 2020, Defendant served a notice of deposition by email and postal mail, setting Brown's deposition for January 28, 2021. (Def.'s Mot. Compel Dep. ("Mot.") 4, ECF No. 43; Decl. Linda Oliver Supp. Def.'s Mot. Compel Dep. ("Oliver Decl.") ¶ 2, ECF No. 43-1, Exs. 1, 2, ECF Nos. 43-2, 43-3.)[2] Brown's deposition was noticed for remote appearances at the Fresno hotel near Brown's home. (Id.)

On January 7, 2021, Brown emailed Defendant's counsel, and stated she was trying to retain an attorney for the depositions, and requested they be postponed. (Mot. 4.) Defendant's counsel requested that Brown's counsel contact Defendant's counsel, and informed Brown that the depositions would not go off calendar or cancelled because of the February 28, 2021 deadline to complete discovery. (Mot. 5; Decl. Andrew Downs Supp. Def.'s Mot. Extend Discovery ("Downs Decl.") ¶ 2, ECF No. 35-16.)

---

[2] Additionally, Third Party Defendant Morgan appeared for her deposition, however, Defendant proffers she refused to answer many questions regarding the litigation, and Defendant is still assessing whether to file a separate motion to compel her testimony, or to seek exclusion of the testimony. In the filing, Defendant proffers that if it chooses to file a separate motion regarding Morgan's testimony, it would seek an order shortening time to have the motion heard on March 17, 2021. (Mot. 4.) This issue was not raised at the March 10, 2021 hearing and the Court presumes Defendant has decided to not pursue compelling further deposition testimony from Morgan.

1    On January 26, 2021, Brown emailed Defendant to state she could not attend her
2 deposition because she was sixty-eight (68) years old and was feeling "under the weather."
3 (Oliver Decl. ¶ 5, Ex. 4, ECF No. 43-5.) Brown did not offer an alternative method of appearing
4 for the deposition and it is Defendant's counsel's impression that Brown does not have a
5 computer or webcam that would allow her to appear remotely by Zoom without assistance,
6 which is why Defendant had arranged for her to appear remotely at the hotel in Fresno. (Mot. 5;
7 Oliver Decl. ¶ 5.)

8    On January 28, 2021, Defendant's counsel appeared remotely for Brown's deposition as
9 noticed. (Oliver Decl. ¶ 6, Ex. 5, ECF No. 43-6.) Before going on the record to note the fact that
10 Brown had not appeared as noticed, counsel left a telephone message for Brown at
11 approximately 10:20 a.m. inquiring whether she intended to appear. (Id.) Around 11:07 a.m.,
12 Brown returned the phone call and stated she could not appear at the deposition because she was
13 not feeling well, had medical conditions, and due to her age she was at high risk of COVID-19.
14 (Id.) Counsel asked if Brown expected to be feeling well in the near future, and Brown stated
15 no. (Id.) Counsel then reminded Brown that there were upcoming discovery deadlines that were
16 set by the Court, and that the parties could not be sure they would be able to get an extension.
17 (Id.) Counsel explained they had made arrangements for a remote deposition and that Defendant
18 would consider any other precautions Brown wanted to allow her to appear, but that Defendant
19 needed her to appear by video because of the numerous exhibits. (Id.) Brown stated she was
20 sheltering in place due to COVID-19 and could not appear, but would consider options and call
21 back. (Id.) Brown also stated she was still looking for an attorney but it was hard to find an
22 insurance lawyer, and accused Defendant of harassment and trying to kill her. (Id.) On January
23 28, 2021, Brown sent Defendant's counsel a text message at 2:44 p.m. offering to appear for a
24 deposition by telephone. (Oliver Decl. ¶ 7, Ex. 6, ECF No. 43-7.)

25    Defendant thereafter served a notice setting Brown's deposition for appearance by
26 telephone on February 22, 2021. (Oliver Decl. ¶ 10.) Defendant also agreed to accept a
27 telephonic deposition if Plaintiff would agree to confirm her address for receipt of the paper
28 exhibits by overnight mail. (Oliver Decl. ¶ 10, Ex. 7, ECF No.43-8.) Brown did not respond or

1 provide an alternative address but the home on Fonda Avenue in Madera, which is her address of
2 record, although counsel for Defendant is of the understanding that Brown does not presently
3 reside there. (Oliver Decl. ¶ 10.) At Plaintiff's request, Defendant subsequently agreed to move
4 Brown's deposition to February 23, 2021, with Brown to appear by telephone. (Oliver Decl. ¶
5 11.)

6        On February 23, 2021, Defendant's counsel appeared remotely for Brown's deposition.
7 (Oliver Decl. ¶ 11.) Prior to the beginning of the deposition, before Brown was sworn, and
8 before counsel asked any questions, counsel informed the court reporter that Hartford's file
9 reflected that Brown had a history of using profanity and making accusations of racism, and
10 might be a difficult witness. (Id.) Brown initially appeared by telephone for the deposition,
11 however, Brown stated she would refuse to be deposed due to counsel's statement regarding the
12 content of the Hartford file, which had been produced to her. (Id.) Brown further stated she
13 would call the judge, and hung up. (Id.)[3] Brown also stated she felt ill, but did not respond to
14 counsel's question regarding whether she was well enough to proceed with the deposition before
15 she hung up. (Id.) Counsel tried to call Brown to discuss the deposition, but Brown terminated
16 the call when counsel identified herself. (Id.) Counsel left a voicemail, asking Brown to return
17 to the call to complete the deposition, but Brown did not call or return to the Zoom conference.
18 (Id.) Counsel also sent Brown an email regarding the deposition, and when Brown did not return
19 to the deposition by 11:00 a.m. as requested in the email, counsel made a statement of non-
20 appearance on the record. (Id. at ¶¶ 12-13.) On February 24, 2021, the Court held a hearing on
21 the Defendant's motion to extend the discovery deadlines, however Brown failed to make an
22 appearance. (ECF No. 41.) On February 25, 2021, the Court granted Defendant's motion to

23

24 [3] Brown did contact the Courtroom Deputy on February 23, 2021, and additionally emailed a letter to the Courtroom Deputy to provide directly to the undersigned judge. While the Court has encouraged Brown and
25 Morgan to contact the Courtroom Deputy for assistance with technical issues such as appearing for hearings, the Court has previously warned the parties via order issued on December 17, 2020, that communications that attempt to
26 present an issue directly to the judge without Defendant being a party to the communication is an improper *ex parte* communication between the judge and a party. (ECF No. 32.) On February 24, 2021, the Court issued a second
27 order informing Brown of the rule against such communications to the judge. (ECF No. 40.) Thereafter, Brown filed a letter with the Court which was docketed on March 3, 2021, and the Court then issued an order in response to
28 Brown's letter, clarifying the status of the proceedings relating to the motion to extend the discovery deadlines, and the motion to compel her deposition testimony. (ECF Nos. 44, 45.)

1  modify the scheduling order to extend the discovery deadline, and granted Defendant's *ex parte*
2  application to hear the motion to compel Brown's deposition testimony, setting the hearing for
3  March 10, 2021. (ECF No. 42.)

4        Based on the above facts, Defendant argues that it served notices of deposition setting
5  Plaintiff Brown's deposition but she refused to appear, initially citing an intention to retain
6  counsel and later expressing concerns regarding health, inability to travel, and the pandemic.
7  (Mot. 7.) Defendant thereafter made attempts to accommodate Brown's concerns by allowing a
8  remote appearance. Defendant argues that while health concerns are a legitimate reason for
9  making accommodations in the taking of a deposition, when appropriate precautions can be
10 taken to protect the health of the witness, such concerns do not support a non-appearance. (Mot.
11 7.) Defendant also proffers that the inability to find counsel does not support a complete non-
12 appearance. Additionally, Defendant argues "the fact that Ms. Oliver accurately summarized the
13 content of Hartford's file regarding Ms. Brown's interpersonal dealings, something a competent
14 court reporter wants to be alerted to, is not a ground for a refusal to appear – indeed, Ms.
15 Brown's subsequent conduct confirmed that less than flattering content." (Mot. 8.) Defendant
16 submits that when Brown appears for a deposition, counsel intends to treat her with courtesy and
17 respect, but "in a case where one of the issues is Ms. Brown's alleged incivility towards the
18 hotels in which Hartford provided her lodging, her alleged incivility towards contractors and
19 engineers, and her alleged incivility towards Hartford, her past demeanor is a legitimate subject
20 of inquiry." (Mot. 8.)

21       Finally, Defendant states that while it could seek sanctions for Brown's conduct, and that
22 *pro se* parties are not exempt from the imposition of sanctions, Defendant is not seeking
23 sanctions at this time and only wants to obtain Brown's testimony. (Mot. 8.) If Brown's
24 deposition is compelled and she again refuses to appear and testify, Defendant will then seek
25 sanctions against Plaintiff Brown. (Id.)

26       Brown did not file an opposition to this motion. The Court held a hearing on March 10,
27 2021, and Brown was present via telephone. (ECF No. 49.) At the hearing, Brown did aver to
28 some health issues relating to appearing for a deposition. It was not clear how the health issues

1  would prevent her from appearing for a deposition by telephone, and the Court informed Brown
2  that without medical documentation and evidence provided to Defendant or submitted to the
3  Court demonstrating an inability to appear for such deposition, Brown has an obligation as the
4  Plaintiff in this action to appear for a deposition.  As for the comments made by Defendant's
5  counsel to the court reporter, the Court explained that given Defendant is not seeking sanctions,
6  it was not necessary to go through the process of having Brown, Defendant's counsel, and
7  perhaps the court reporter, testify under oath concerning such events, as it would not be
8  determinative of the issue here, which is whether Plaintiff Brown must appear for a deposition
9  pursuant to Defendant's motion to compel her deposition.

10  Based on the totality of the above facts detailing Plaintiff Brown's failure to appear for a
11  properly noticed deposition, and the matters discussed at the March 10, 2021 hearing, the Court
12  finds good cause to grant Defendant's motion to compel Plaintiff Brown's deposition.  Fed. R.
13  Civ. P. 37.  At the hearing, the parties agreed that March 24, 2021, was an acceptable date to
14  complete the deposition and the Court shall order Plaintiff Brown to appear for a deposition by
15  telephone on March 24, 2021, at 10:00 a.m.

16  **B.     Defendant's *Ex Parte* Application to Shorten Time**

17  Defendant moves the Court for an order shortening the time to hear a motion to compel
18  responses to requests for production of documents and interrogatories.  (ECF No. 46.)
19  Defendant argues the application is made on the ground that Brown and Morgan have failed to
20  respond or produce documents, and because of a lack of meaningful negotiation during the meet
21  and confer process, Defendant was unable to file the motion earlier.  (Id. at 1.)  The current
22  deadline to complete discovery is Tuesday, March 30, 2021, and thus a regularly noticed motion
23  could not be heard before the deadline.  (Id. at 3.)

24  On March 9, 2021, Defendant filed a supplemental declaration in support of the *ex parte*
25  application.  (Suppl. Decl. Linda B. Oliver Supp. *Ex Parte* Application ("Oliver Suppl. Decl."),
26  ECF No. 48.)  Counsel informs the Court that since the filing of the *ex parte* application, on
27  March 7, 2021, and March 8, 2021, Brown served responsive documents, and unverified
28  responses to Defendant's interrogatories. (Oliver Supp. Decl. ¶ 2.)  However, Brown did not yet

provide written responses to the document requests or verifications for the responses to the interrogatories. (Id.) Further, on Tuesday, March 9, 2021, Morgan provided unverified responses to the interrogatories, and indicated the documents produced on behalf of Brown were also produced on her behalf, stating "I declare that the documents that Carolyn Brown presented represents our collective effort." (Id. at ¶ 3.) However, Morgan did not yet provide verified responses to the interrogatories or written responses to the requests for production of documents. (Id.)

At the hearing held on March 10, 2021, Brown and Morgan appeared willing to provide the remaining responses and verifications necessary to complete their discovery obligations in this action. The Court is hopeful the parties resolve the outstanding issues involving the written discovery, which would allow for Defendant to withdraw the motion to compel responses to written discovery, and none of the parties would have to appear at the March 25, 2021 hearing that is being set by this order.

Nonetheless, until Brown and Morgan's discovery obligations are completed, based on the information provided by Defendant and the matters discussed at the March 10, 2021 hearing, the Court finds good cause to grant Defendant's *ex parte* application to shorten the time to hear Defendant's motion to compel responses to written discovery from Brown and Morgan. The Court shall set the hearing for March 25, 2021, and order any opposition to Defendant's motion be filed with the Court on or before March 23, 2021.

## IV.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel Plaintiff Carolyn Brown's deposition is GRANTED;

2. Plaintiff Carolyn Brown must appear via telephone and participate in a deposition on **March 24, 2021, at 10:00 a.m.**;

4. Defendant's *ex parte* application to shorten the time to hear Defendant's motion to compel responses to written discovery from Plaintiff Carolyn Brown and Third

Party Defendant Mecca Morgan (ECF No. 46) is GRANTED;

5. The Court sets the hearing on Defendant's motion to compel responses to written discovery for **March 25, 2021, at 10:00 a.m. in Courtroom 9**, and the parties may attend the video hearing through the following options;

   a. The Meeting ID for the Zoom videoconference is 160 596 6050, and the Passcode is 021649;

   b. The direct videoconference link for the hearing is: https://www.zoomgov.com/j/1605966050?pwd=Mk1JbDBlTDErN3liQ0Q2U082OFEwUT09; or

   c. Alternatively, the hearing can be accessed through any of the following telephone numbers: +1 669 254 5252; or +1 551 285 1373; or +1 669 216 1590;

6. Defendant shall file the motion to compel response to written discovery within one (1) day after entry of this order; and

7. Plaintiff Carolyn Brown and Third Party Defendant Mecca Morgan shall file any written opposition to Defendant's motion to compel responses to written discovery **no later than March 22, 2021**.

IT IS SO ORDERED.

Dated: **March 10, 2021**

UNITED STATES MAGISTRATE JUDGE