1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN,<br><br>          Plaintiff and Counter-<br>          Defendant,<br><br>    v.<br><br>PROPERTY AND CASUALTY<br>INSURANCE COMPANY OF HARTFORD,<br><br>          Defendant and<br>          Counterclaimant. | Case No. 1:20-cv-00186-NONE-SAB<br><br>ORDER DENYING REQUEST FOR<br>SETTLEMENT CONFERENCE WITHOUT<br>PREJUDICE AND REQUIRING PLAINTIFF<br>BROWN AND THIRD PARTY<br>DEFENDANT MORGAN TO PROVIDE<br>DEFENDANT WITH CONFIDENTIAL<br>SETTLEMENT OFFER PRIOR TO THE<br>COURT'S FURTHER CONSIDERATION<br>OF SCHEDULING A SETTLEMENT<br>CONFERENCE<br><br>(ECF Nos. 60, 61) |
| PROPERTY AND CASUALTY<br>INSURANCE COMPANY OF HARTFORD,<br><br>          Third Party Plaintiff,<br><br>    v.<br><br>MECCA MORGAN,<br><br>          Third Party Defendant. | |

On May 27, 2021, a document was filed that appears to be a request for a settlement conference by Plaintiff Carolyn Brown ("Brown") and Third Party Defendant Mecca Morgan ("Morgan"). (ECF No 60.) The filing does not appear to be signed by any party. The Court first

notifies the parties that under the Local Rules, "[a]ll pleadings and non-evidentiary documents shall be signed by the party involved if that party is appearing in propria persona." Local Rule 131(a). Thus, any future request or filing that is submitted on behalf of Morgan or Brown must be signed on behalf of the party or parties making the filing, or the filing will be rejected as procedurally improper.

While the request for a settlement conference was not signed by Brown or Morgan, Defendant has submitted a response indicating that they are always willing to discuss settlement of this matter, however, emphasize the settlement conference previously held in this matter was not productive for the parties, partly due to problems of the parties appearing remotely via Zoom. (ECF No. 61.)

Based on the filings of the parties and the previous settlement conference, before the Court will consider scheduling a second settlement conference in this matter, the Court shall require Brown and Morgan to submit a confidential settlement proposal or proposals to Defendant. Following such exchange, if the parties desire to hold a settlement conference, any of the parties may submit a renewed request for a settlement conference. The Court informs Brown and Morgan that if a settlement conference is scheduled, the Court will **probably require Brown and Morgan to appear in person at the courthouse** for the settlement conference.

Any settlement proposals **shall not be filed** with the Court as they are to remain confidential between the parties, and shall instead be provided directly to the other party. Any proposal shall be clearly marked as a confidential settlement document, by for example, marking "CONFIDENTIAL SETTLEMENT PROPOSAL" at the top of the document. Brown and Morgan are informed that any settlement proposals they wish to provide to Defendant **will remain confidential, and cannot be used or held against them in this case**. See, e.g., Fed. R. Evid. 408.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The unsigned request for settlement conference filed on May 27, 2021 (ECF No. 60) is DENIED without prejudice to a renewed request for a settlement conference following the exchange of confidential settlement proposals;

2. If Brown and Morgan desire the Court to schedule a settlement conference, Brown and Morgan shall first send Defendant a confidential settlement proposal outlining their proposed requirements to settle this case at this time, and such proposal(s) **shall not be filed with the Court**; and

3. After the exchange of the settlement proposal(s), any party may then request a settlement conference, and the other party or parties may submit a response to that request based on whether a settlement conference would be productive following consideration of the exchanged settlement proposal(s).

IT IS SO ORDERED.

Dated: __**June 1, 2021**__

_____
UNITED STATES MAGISTRATE JUDGE