# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>    Defendant and Counterclaimant. | Case No. 1:20-cv-00186-SAB<br><br>ORDER DISREGARDING OBJECTION TO JOINT STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HARTFORD'S MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>(ECF No. 35) |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>MECCA MORGAN,<br><br>    Third Party Defendant. | |

On June 2, 2021, an order issued denying Plaintiff Carolyn Brown and Third Party Defendant Mecca Morgan's motion for a settlement conference and requiring them to provide defendants with a confidential settlement offer prior to the court further considering any request for a settlement conference. (ECF No. 62.)

On June 25, 2021, Plaintiff Brown and Third Party Defendant Morgan filed an objection

1 to a joint statement of undisputed facts in support of Hartford's motion for summary judgment or
2 in the alternative motion for partial summary judgment.

Initially, the signatures on the document do not comply with the Local Rules of the Eastern District of California which requires that parties appearing in pro per must sign the document. L.R. 133(b). Further, Rule 11 of the Federal Rules of Civil Procedure requires that documents be signed "by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The electronic signatures on the document are not "a signature" within the federal rules. Accordingly, the Court shall consider the document unsigned and it will be disregarded on this ground. As Plaintiff Brown has previously been advised, unsigned documents cannot be considered by the Court. See ECF Nos. 62, 64. The Court also notes that the proof of service itself contains an identical signature by Marissa Clark.

Further, while the document itself states that Brown and Morgan are

> objecting to the Hartford groups JOINT STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HARTFORD'S MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT. You requested that we put together a proposal to make a settlement yet the Hartford group is requesting it be settled. We did not agree to a joint statement saying anything. Morgan and myself are asking for a motion to object to JOINT STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HARTFORD'S MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT.

(ECF No. 66 at 3-4.) No summary judgment motion has yet been filed and, to the extent that Defendants are proposing a joint statement of undisputed facts for the parties to submit with a motion, Brown and Morgan need to address their objections to the proposed statement of undisputed facts to opposing counsel, not the court. If a motion for summary judgment is filed, any disagreement with the statement of undisputed facts that are presented by Defendant in the motion would be properly addressed by Brown and Morgan in their opposition to the motion.

Finally, the document itself largely addresses the order denying Plaintiff Brown's request for a settlement conference setting forth argument on why Brown and Morgan should not be required to personally appear for a settlement conference. If the parties are agreeable to participating in a settlement conference, they will be required to file a joint request for a settlement conference to be set. The Court also notes that it finds that settlement conferences are

not as productive if the parties do not personally appear. Particularly given the history of this action, the Court declines to hold that a settlement conference could be held without the personal appearance of Brown and Morgan. As the parties were previously advised, and given Defendants' objection to holding a settlement conference in which Brown and Morgan do not personally attend, the Court informed "Brown and Morgan that if a settlement conference is scheduled, the Court will **probably require Brown and Morgan to appear in person at the courthouse** for the settlement conference." (ECF No. 62 at 2.) Further, Plaintiff Brown's assertion that she is "unwell" is not sufficient to establish cause excuse the requirement for personal attendance at any settlement conference.

Accordingly, IT IS HEREBY ORDERED that the objection to joint statement of undisputed facts in support of Hartford's motion for summary judgment and alternative motion for partial summary judgment, filed June 25, 2021, is DISREGARDED.

IT IS SO ORDERED.

Dated:   **June 25, 2021**

UNITED STATES MAGISTRATE JUDGE