# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>    Defendant and Counterclaimant.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>MECCA MORGAN,<br><br>    Third Party Defendant. | Case No. 1:20-cv-00186-SAB<br><br>ORDER DENYING REQUEST TO SET A SETTLEMENT CONFERENCE TO BE HELD VIA VIDEOCONFERENCE<br><br>(ECF No. 68) |

On June 2, 2021, an order issued denying Plaintiff Carolyn Brown ("Brown") and Third Party Defendant Mecca Morgan's ("Morgan") motion for a second settlement conference and requiring them to provide Defendant with a confidential settlement offer prior to the court further considering any request to hold a second settlement conference. (ECF No. 62.) The order also advised the parties that it would be disinclined to hold a settlement conference without the

personal appearance of Brown and Morgan.

On July 9, 2021, Brown and Morgan filed what is entitled a response to Defendant's settlement request. (ECF No. 68.) The filing proffers that Defendant offered Brown and Morgan a certain amount in settlement, and that was the reason the previous settlement conference held via videoconference was not productive. (Id.) The filing also indicates that Morgan moved to New York State, and that Brown has health issues, and thus request a settlement conference be held via videoconference. (Id.) The Court construes the filing as a request to set a settlement conference, and for the conference to be held via videoconference.

Brown and Morgan's filing does not indicate whether they provided Defendant with a confidential settlement offer as the Court required them to do so before the Court would consider holding a second settlement conference. Further, as the Court informed the parties in addressing the previously disregarded unsigned filings, if the parties are agreeable to participating in a settlement conference, they would be required to file a joint request for a settlement conference to be set. The Court also advised Brown and Morgan that given the history of this action, the Court would decline to conduct a second settlement conference in this action without the personal appearance of Brown and Morgan, and specifically rejected Brown's general claims of health issues as a reason to forego such requirement. Further, Morgan is required provide the Court with a change of address pursuant to Local Rule 182(f) if she has moved out of state.

Accordingly, IT IS HEREBY ORDERED that:

1. The request to set a settlement conference to be held via videoconference is DENIED; and

2. Morgan shall file a notice of change of address pursuant to Local Rule 182(f).

IT IS SO ORDERED.

Dated: __**July 12, 2021**__

_____
UNITED STATES MAGISTRATE JUDGE

2