# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>    Defendant and Counterclaimant.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>    Third Party Plaintiff,<br><br>    v.<br><br>MECCA MORGAN,<br><br>    Third Party Defendant. | Case No. 1:20-cv-00186-NONE-SAB<br><br>ORDER DENYING REQUEST FOR SETTLEMENT HEARING<br><br>(ECF No. 83) |

On September 30, 2020, a settlement conference was held, however, no settlement was reached between the parties. (ECF No. 31.) On June 2, 2021, an order issued denying Plaintiff Carolyn Brown ("Brown") and Third Party Defendant Mecca Morgan's ("Morgan") motion for a second settlement conference and requiring them to provide Defendant and Counterclaimant

1

1  Property and Casualty Insurance Company of Hartford ("Hartford") with a confidential
2  settlement offer prior to the Court further considering any request to hold a second settlement
3  conference. (ECF No. 62.) The order also advised the parties that it would be disinclined to
4  hold a settlement conference without the personal appearance of Brown and Morgan. The Court
5  subsequently rejected Brown and Morgan's other filed requests for a settlement conference that
6  did not comply with the stated requirement to exchange settlement offers or for other reasons,
7  such as the requests being unsigned. (See ECF Nos. 64, 67, 71.)

8  On July 26, 2021, Brown and Morgan again requested a second settlement conference.
9  (ECF No. 73.) In that request, Brown and Morgan indicated that they sent Hartford a
10 confidential settlement offer, in compliance with the Court's order, but they did not indicate
11 whether they would be willing to appear in person for the requested settlement conference.
12 Following further briefing by the parties, the Court denied Brown and Morgan's request, on the
13 basis that a further settlement conference would not be productive without the personal
14 appearance of both Brown and Morgan, based on the tenor of Brown and Morgan at the first
15 settlement conference and in light of Brown and Morgan's demonstrated unwillingness or
16 inability to comply with the Court's directions regarding communications to the Court and
17 appearances for hearings and depositions. (See, e.g., ECF No. 78 (citing ECF Nos. 32, 40, 42 at
18 8, 44, 45 at 1–2, 50 at 6–7).) The Court further advised Brown and Morgan that, if they made
19 another request for a settlement conference, they were required to "**confirm their willingness to**
20 **both appear in person for such conference**, otherwise the request will be denied." (ECF No.
21 78 at 3 (emphasis in original).)

22 On December 17, 2021, the Court issued findings and recommendations to grant
23 Hartford's motion for summary judgment in full and enter judgment in Hartford's favor as to all
24 claims and counterclaims. (ECF No. 82.)

25 On December 20, 2021, Brown and Morgan filed another request for a settlement
26 conference hearing. (ECF No. 83.) Brown and Morgan maintain that they sent requests to
27 Hartford for a settlement hearing, but Hartford did not respond. Notably, Brown and Morgan do
28 not indicate that they sent Hartford a confidential settlement offer, and they have again failed to

comply with this Court's prior order to confirm their willingness to appear in person for any requested settlement conference. Indeed, Brown and Morgan indicate they intend to attend the requested settlement hearing via video conference. Per the Court's express instructions (ECF No. 78 at 3), Brown and Morgan's continued noncompliance with the Court's orders demonstrates any further settlement conference would not be productive at this time. Moreover, in light of the findings and recommendations currently pending before the District Judge for adoption, further settlement attempts at this time may be rendered moot. Accordingly, to preserve judicial resources as well as promote meaningful settlement negotiations in the event that a second settlement conference is to be held, the Court must deny the instant request at this time, without prejudice.

For the foregoing reasons, IT IS HEREBY ORDERED that the request for a settlement hearing filed on December 20, 2021 (ECF No. 83), is DENIED.

IT IS SO ORDERED.

Dated:   **December 21, 2021**

UNITED STATES MAGISTRATE JUDGE