# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN, et al., <br><br>    Plaintiffs and Counter-Defendants, <br><br>v. <br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, <br><br>    Defendant and Counterclaimant. | Case No. 1:20-cv-00186-JLT-SAB <br><br> ORDER STRIKING UNSIGNED FILING <br><br> ORDER DENYING PLAINTIFF'S REQUEST FOR RETURN OF DOCUMENT <br><br> (ECF Nos. 93, 94) |

This action was removed from the Madera County Superior Court to this Court on February 5, 2020. (ECF No. 1.) Defendant and Counterclaimant Property and Casualty Insurance Company of Hartford ("Hartford") filed a motion for summary judgment on July 12, 2021. (ECF No. 69.) On the same date, July 12, 2021, Plaintiffs also filed a document entitled "joint statement of disputed facts in support of [Plaintiffs'] motion to object to summary judgment." (ECF No. 72 (capitalization altered).) On August 10, 2021, Defendant filed a notice of failure to oppose the motion for summary judgment, proffering Brown and Morgan failed to comply with Local Rule 230. (ECF No. 76.) Concurrently, Defendant filed a response to the Plaintiffs' July 12, 2021 filing. (ECF No. 76-1.) On October 15, 2021, the motion for summary judgment was referred to the assigned magistrate judge for the preparation of findings and

1  recommendations or other appropriate action.  (ECF No. 80.)  On December 17, 2021, the Court
2  issued findings and recommendations to grant Defendant's motion for summary judgment in full
3  and enter judgment in Defendant's favor as to all claims and counterclaims.  (ECF No. 82.)  The
4  deadline to file objections to the findings and recommendations was set for January 19, 2022.
5  (Id.)

6        On January 3, 2022, Plaintiffs filed a request for a thirty-day extension of time to respond
7  to Defendant's motion for summary judgment.  (ECF No. 86.)  On January 4, 2022, the Court
8  denied the request in part, and extended the time for Plaintiffs to file objections to the findings
9  and recommendations.  The Court found no good cause presented to justify vacating the findings
10 and recommendations to permit an extension of time to oppose the motion for summary
11 judgment.  (ECF No. 88.)  The Court noted that at no time during the five months from July 12
12 to December 17, 2021, did Plaintiffs file an opposition to the motion for summary judgment or
13 request an extension of time to do so.[1]  (Id.)  The Court noted Plaintiffs' *pro se* status and found
14 some justification for an extension of the time to file objections to the findings and
15 recommendations pertaining to Defendant's motion for summary judgment, and the Court
16 construed Plaintiffs' filing as a request for an extension of time to file objections to the findings
17 and recommendations.  (Id.)  The Court granted an extension of time to file objections until
18 February 18, 2022.  (Id.)

19       On February 4, 2022, Plaintiffs filed a notice of disputed facts, and objections to the
20 findings and recommendations.  (ECF Nos. 91, 92.)  On February 8, 2022, Plaintiffs filed what is
21 entitled a motion for an extension of time opposition to summary judgment and findings and
22 recommendations from Judge Boone.  (ECF No. 93.)  The filing states that "I Carolyn Brown
23 and Mecca Morgan request an extension of 30 days to respond to respond . . . Brown has been in
24 the hospital twice . . . has been very ill with a bacterial infection for over a year from black mold
25 sp[ores]."  (ECF No. 93.)  The document is not signed by either Carolyn Brown nor Mecca
26 Morgan.  The proof of service is signed by a Marissa Clark.  Documents unsigned by counsel or

---

27 [1] The Court does note, however, that during this same time period, Plaintiffs demonstrated their ability to file
28 matters with the Court through their various filings.  (See, e.g., ECF Nos. 73 (request for a settlement hearing), 79 (response to Court's July 29, 2021 order).)

2

the *pro se* parties cannot be considered by the Court.  Fed. R. Civ. P. 11(a); Local Rule 131(b).

On February 8, 2022, Carolyn Brown submitted a document that requests a return of docket entry number 92.  (ECF No. 94.)  It is not clear from the filing whether Plaintiff wants a copy of the documents, or if she wants to withdraw the objections to the findings and recommendations.

On February 9, 2022, Defendant filed a statement in regards to the recent filings. Defendant states it sympathizes with Brown's health condition, and takes no position on a request for a second 30 day extension, nor in regards to the request to return docket entry number 92, which Defendant appears to construe as a "desire to withdraw ECF 92."  (ECF No. 95.) Defendant's filing also highlights that the motion for summary judgment was not opposed, and that an opportunity to submit objections to the findings and recommendations is not an opportunity to file an opposition.  (Id.)

The Court shall strike the filing at docket number 93 as unsigned.  Fed. R. Civ. P. 11(a); Local Rule 131(b).  The Court shall also deny the Plaintiff's request for the return of docket number 92 without prejudice, as it is unclear as to what Plaintiffs are requesting.  Plaintiffs are informed that if they want to withdraw the document, they shall submit a request to withdraw. **The deadline to file any further objections to the findings and recommendations remains set for February 18, 2022.**

Accordingly, IT IS HEREBY ORDERED that:

1. The unsigned filing (ECF No. 93) is HEREBY STRICKEN from the record; and
2. Plaintiff's request for a return of documents (ECF No. 94) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **February 10, 2022**

UNITED STATES MAGISTRATE JUDGE

3