UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BROWN, et al.,<br><br>    Plaintiffs/Counter-Defendants,<br><br>    v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD.<br><br>    Defendant/Counterclaimant. | No. 1:20-cv-00186-JLT-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT AND COUNTERCLAIMANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' REQUEST FOR TELECONFERENCE, AND DIRECTING THAT JUDGMENT BE ENTERED IN FAVOR OF DEFENDANT AND COUNTERCLAIMANT AND THAT THIS CASE BE CLOSED<br><br>(Docs. 69, 82, 97) |

Plaintiffs' claims arise out of damages to their home in Madera, California, which was insured by Defendant and Counterclaimant Property and Casualty Insurance Company of Hartford ("Hartford") as of approximately March 2014, with the policy at issue commencing in March 2018. (Docs. 25 at 2–3; 70 at 2.) Specifically, Plaintiffs filed insurance claims with Hartford relating to foundation issues, garage ceiling water damage, and a sewage system backup in the home. Hartford paid more than $200,000 in costs to address the insurance claim related to the sewage backup but denied the insurance claims related to the foundation and garage because the damages in those areas had manifested prior to Hartford insuring the home. (Doc. 25 at 2–3.) Plaintiffs brought a number of claims against Hartford in their lawsuit, including breach of contract and breach of implied covenant of good faith and fair dealing, as well as punitive damages.

On February 5, 2020, Hartford removed the action to the U.S. District Court for the Eastern District of California. (Doc. 1.) Hartford submitted a counterclaim and third-party complaint on August 5, 2020, in which it named Morgan as a third-party defendant. (Doc. 25.)[1] Hartford sought declaratory relief confirming that it has paid all sums owed to Plaintiffs for the sewer backup loss, as well as declarations that the foundation and garage damages are not covered by the Plaintiffs' insurance policy with Hartford. (Doc. 25 at 3–5.) Plaintiffs responded and disputed the costs associated with the sewage backup repair as well as Hartford's failure to cover damages to the garage ceiling, which Plaintiff alleges were caused by the sewage backup. (Doc. 30.)[2]

On July 12, 2021, Hartford filed a motion for complete or partial summary judgment on Plaintiffs' claims for breach of contract, breach of implied covenant of good faith and fair dealing, and punitive damages, as well as on Hartford's counterclaim for declaratory relief. (Doc. 69.) In this motion, Hartford claimed that Plaintiffs refused to meet and confer regarding the motion for summary judgment and the joint statement of undisputed facts. (Docs. 68 at 2; 69-33 at ¶¶ 4–6; 69-35 at ¶¶ 3–6; 70 at 1.) Thus, Hartford filed its own statement of facts that it asserts are undisputed. (Doc. 70.)

The same day that Hartford filed its motion, Plaintiffs submitted their own "Joint Statement of Disputed Facts" in support of Plaintiffs' "Motion to Object to Summary Judgment." (Doc. 72.) Despite the title of this document suggesting otherwise, the introductory paragraph to Plaintiffs' filing describes it as a "joint statement of *un*disputed facts". (Doc. 72 at 1, emphasis added). This was the only document that Plaintiffs filed relating to Hartford's motion for summary judgment.

---

[1] As noted in the findings and recommendations (Doc. 82 at 2 n.2), while Mecca Morgan's name was initially written in on the complaint filed in state court as a plaintiff, the name "Mecca Morgan" was crossed out on the complaint, and "*et al.*" was written in. (Doc. 1 at 1; 1-1 at 2; 1-2 at 2.) Hartford proffered that the name was presumably stricken because of Brown's *pro se* status and the fact that the complaint was not signed by Morgan. It is not clear whether Morgan was in fact stricken from the complaint or whether the state court or parties crossed out the name and wrote in "*et al.*" in order to signify other plaintiffs were joining the action. Because no formal motion to strike or dismiss has been adjudicated in this Court and based on the face of the complaint as filed, the Court finds Morgan and Brown to be plaintiffs and counter-defendants and Hartford to be a defendant and counterclaimant. For ease of reference herein, the Court shall refer to Brown and Morgan as "Plaintiffs," and Hartford as "Defendant."

[2] As noted in findings and recommendations, (Doc. 82 at 38), neither Plaintiffs' filing nor the evidence attached or discussed therein was attested to under the penalty of perjury.

On August 10, 2021, Hartford filed a notice of Plaintiffs' failure to file an opposition to the motion for summary judgment, (Doc. 76), as well as a response and objections to Plaintiffs' joint statement of facts. (Doc. 76-1.) On October 15, 2021, the matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 80.)

The assigned magistrate judge issued findings and recommendations that Hartford's motion for summary judgment be granted in full, including the request for declaratory relief. (Doc. 82.) In doing so, the magistrate judge accepted Hartford's statement of facts as undisputed because Plaintiffs failed to formally oppose the motion for summary judgment, and the facts offered by Plaintiffs were either unsupported by authenticated evidence, not material to the issues raised in Hartford's motion, or not inconsistent with Hartford's proffered facts. (*Id*. at 9–18.)[3] Plaintiffs' failure to substantially respond to Hartford's motion renders the motion essentially unopposed. (*See id*. at 38–40.)

On January 4, 2022, after Plaintiffs had filed a request for an extension of time to oppose the summary judgment motion, the assigned magistrate judge denied the requested extension and instead granted Plaintiffs an extension until February 18, 2022 to file objections to the findings and recommendations. (Doc. 88.) On February 4, 2022, Plaintiffs filed an additional document containing proffered disputed facts, as well as a set of objections to the findings and recommendations. (Docs. 91, 92.) On February 8, 2022, Plaintiffs filed an additional motion for an extension of time to file an opposition to summary judgment and the findings and recommendations, which the magistrate judge ordered to be stricken as unsigned on February 10, 2022. (Docs. 93, 96.) The magistrate judge also denied Plaintiffs' request for return of document without prejudice, as it was unclear whether Plaintiffs were seeking a return of the copy of the documents or seeking to withdraw the objections to the findings and recommendations. (Docs. 94, 96.) On February 9, 2022, Plaintiffs filed a "request [for] a teleconference with Judge Thurston to clarify some things." (Doc. 97.) On February 17, 2022, Plaintiffs filed further

---

[3] Plaintiffs have asserted in subsequent filings that their statement of facts, (Doc. 72), filed on the same day as Hartford's motion for summary judgment, is meant to "stand as [Plaintiff's] opposition" to the motion. (*See* Doc. 99 at 2.) Construing this filing as an opposition to the summary judgment motion does not alter the Court's analysis, for the reasons discussed in the findings and recommendations.

1    objections to the findings and recommendations, (Doc. 99), followed by three additional filings
2    containing oppositions and a proposed schedule submitted between March 16 and March 19,
3    2022. (Docs. 101–103.)
4          Many of the documents filed by Plaintiffs since the issuance of the magistrate's findings
5    and recommendations contain new evidence not presented in Plaintiff's purported opposition; in
6    fact, the objections stated in these documents could be more properly deemed to be opposition to
7    the motion for summary judgment as opposed to the magistrate's findings and recommendations.
8    The Court has the discretion to consider or reject claims and evidence presented for the first time
9    in objections to findings and recommendations. *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir.
10   2004); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000). Plaintiffs have made no
11   attempt to demonstrate or explain why this evidence was not presented earlier. Furthermore,
12   many of the exhibits in these numerous filings are photos that are of such poor quality that they
13   are not helpful to the analysis. Therefore, the Court will not consider the new evidence and
14   claims presented in the objections.
15         In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this
16   Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
17   including the objections and various filings from Plaintiffs, the Court finds the findings and
18   recommendations to be supported by the record and proper analysis. Accordingly,
19       1.     The findings and recommendations issued on December 17, 2021 (Doc. 82) are
20             ADOPTED IN FULL.
21       2.     Defendant and Counterclaimant Property and Casualty Insurance Company of
22             Hartford's motion for summary judgment filed on July 12, 2021 (Doc. 69) is
23             GRANTED; and
24   ///
25   ///
26   ///
27   ///
28   ///

3. The Clerk of the Court is directed to enter judgment in favor of Defendant and Counterclaimant Property and Casualty Insurance Company of Hartford and close this case.

IT IS SO ORDERED.

Dated: __**March 30, 2022**__  

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE